# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DARRYLE D. CHATMAN, ) | |
| Plaintiff, ) | |
| v. ) | No. CIV 17-034-RAW-SPS |
| JEREMY GARVIN, et al., ) | |
| Defendants. ) | |

## OPINION AND ORDER

This action is before the Court on Defendant Charles Pearson's motion to dismiss. The Court has before it for consideration Plaintiff's complaint (Dkt. 1), Defendant Pearson's motion (Dkt. 24), Plaintiff's response (Dkt. 25), and Pearson's reply (Dkt. 26).

Plaintiff, an inmate in the custody of the Oklahoma Department of Corrections who is incarcerated at Davis Correctional Facility in Holdenville, Oklahoma, brings this action under the authority of 42 U.S.C. § 1983, seeking relief for alleged constitutional violations during his incarceration at the Muskogee County Jail. The defendants are Muskogee County Jail Administrator Jeremy Garvin, Muskogee County Jail Commissary Supervisor Lacy Rosson, and former Muskogee County Sheriff Charles Pearson. Plaintiff contends the three defendants are liable, because they all were "working at the time." (Dkt. 1 at 1-2).

Plaintiff alleges that when he was booked into the jail on August 14, 2015, he had a "1500 necklace" and two cell phones. Upon his release, the necklace and one of the phones were missing. A couple of days later, Defendant Jeremy Garvin contacted Plaintiff and said he had the phone but not the necklace, so Plaintiff went to get the phone. A couple of months later, someone not identified by Plaintiff was charged with the theft of the necklace. Plaintiff contends that because Garvin was employed as the jail administrator, he should have

trained his staff better. (Dkt. 1 at 3).

When Plaintiff returned to the jail on a writ, he had $1,38543 on the books, which he did not receive when he left the jail facility on September 2, 2016. Plaintiff contacted Garvin and Defendant Lacy Rosson, and Rosson said she had mailed the money to Davis Correctional Facility. When Plaintiff again was returned to the jail on a writ about six weeks later, he contacted Garvin and Rosson who advised that the check for the money had been mailed by mistake to a federal prisoner in Cleveland, Ohio. The check was cashed at a Chase Bank, and the Ohio prisoner had spent about $600. Rosson and Garvin told Plaintiff that he would have to wait on his money. (Dkt. 1 at 3-4).

Defendant Pearson has filed a motion to dismiss, alleging Plaintiff has failed to state a claim upon which relief may be granted, pursuant to Fed. R. Civ. P. 12(b)(6). In assessing a motion to dismiss, the Court must accept the factual allegations as true and consider them in the light most favorable to the plaintiff. *Tomlinson v. El Paso Corp.*, 653 F.3d 1281, 1285–86 (10th Cir. 2011) (citing *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009)), *cert. denied*, 565 U.S. 1201 (2012). A request for dismissal pursuant to Rule 12(b)(6) requires the Court to determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is required to exercise a liberal interpretation of Plaintiff's pro se pleadings, *Haines v. Kerner*, 404 U.S. 519 (1972), the Court need not assume the role of advocate for Plaintiff, and he must present more than conclusory allegations to survive a motion to dismiss for failure to state a claim, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). With these standards

in mind, the Court turns to the merits of Defendant Pearson's motion.

Pearson alleges that to the extent Plaintiff may be attempting to bring claims against him in his official capacity, those claims must be dismissed, because Pearson was not the Sheriff of Muskogee County when the complaint was filed. Official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Monell v. New York City Dept. of Soc. Serv.*, 436 U.S. 658, 690 n.55 (1978). Because Defendant Pearson had no official capacity when this lawsuit was filed, Plaintiff's claims against him in that capacity must be dismissed.

To show that Defendant Pearson committed a constitutional violation in his individual capacity under §1983, Plaintiff must demonstrate that Pearson "acted under color of state law and caused or contributed to the alleged violation." *Jenkins v. Wood*, 81 F.3d 988, 994 (10th Cir. 1996) (citations omitted) (10th Cir. 1991). Plaintiff must demonstrate Pearson's personal participation in the alleged constitutional violation. "Personal participation is an essential allegation in a § 1983 claim." *Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (citations omitted). *See also Mee v. Ortega*, 967 F.2d 423, 430-31 (10th Cir. 1992). Supervisory status is not sufficient to support liability under § 1983. *Id*. *See also Polk County v. Dodson*, 454 U.S. 312, 325 (1981).

In response to Pearson's motion to dismiss on lack of personal participation, Plaintiff alleges that on August 14, 2015, after Plaintiff had been released from the jail on bond, he received a call from Defendant Garvin. Garvin told Plaintiff to go to the jail and pick up his phone. When Plaintiff mentioned his necklace, Garvin advised him to contact Defendant Pearson. Pearson told Plaintiff that he had reviewed the camera at the Sheriff's Office and Plaintiff was instructed to come to the office. When Plaintiff arrived, Pearson and three deputies were reviewing the camera. Pearson was about to cut a check for Plaintiff when

3

Plaintiff mentioned his lawyer. Pearson then said that because Plaintiff was threatening him with a lawyer, he would not cut the check. Pearson told Plaintiff to get out of the office before he went to jail. Plaintiff left and had no further discussions with Pearson.

After careful review of the record, the Court finds Plaintiff has failed to state a claim against Defendant Pearson. Plaintiff has not explained what constitutional rights Pearson violated. "Constitutional rights allegedly invaded, warranting an award of damages, must be specifically identified. Conclusory allegations will not suffice." *Wise v. Bravo*, 666 F.2d 1328, 1333 (10th Cir. 1981) (citing *Brice v. Day*, 604 F.2d 664 (10th Cir. 1979), *cert. denied*, 444 U.S. 1086 (1980)).

**ACCORDINGLY,** Defendant Charles Pearson's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. 24) is GRANTED.

**IT IS SO ORDERED** this 28th day of March 2018.

Ronald A. White
United States District Judge
Eastern District of Oklahoma