# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

DARRYL D. CHATMAN, )
)
                Plaintiff, )
)
v. ) No. CIV 17-034-RAW-SPS
)
JEREMY GARVIN and )
LACY ROSSON, )
)
                Defendants. )

## OPINION AND ORDER

This action is before the Court on Defendants' motion for summary judgment. Plaintiff is a pro se prisoner in the custody of the Oklahoma Department of Corrections (DOC) who is incarcerated at William S. Key Correctional Center in Fort Supply, Oklahoma. The defendants are Jeremy Garvin, Muskogee County Jail Administrator, and Lacy Rossen, Muskogee County Jail Commissary Supervisor.

Plaintiff brought this action pursuant to 42 U.S.C. § 1983, seeking damages for alleged constitutional violations at the Muskogee County Jail in Muskogee, Oklahoma. The Court has before it for consideration Plaintiff's complaint (Dkt. 1), Defendants' motion (Dkt. 40), Plaintiff's response to the motion (Dkt. 43), and Defendants' reply (Dkt. 44).

**Background**

Plaintiff alleges that when he was booked into the Muskogee County Jail on August 14, 2015, he had in his possession a "1500 necklace" and two cell phones. Upon his release, however, the necklace and one of his phones were missing. A couple of days later, Defendant Garvin contacted Plaintiff to advise him that the phone had been located, but the necklace had not. Plaintiff retrieved the phone.

Plaintiff further alleges that a couple of months later, the person responsible for the

theft was criminally charged. Plaintiff contends Defendant Garvin, as jail administrator, should have trained his staff better, because the necklace and phone went missing from an area where the staff worked.

Plaintiff asserts that when he later returned to the jail on a writ, he had $1,385 on his inmate account, however, he did not receive the funds by the time he left the facility on September 2, 2016. He, therefore, contacted Defendants Garvin and Rosson. Rossen said she had mailed Plaintiff's money to him at Davis Correctional Facility in Holdenville, Oklahoma. Plaintiff, however, did not receive the check.

Plaintiff subsequently returned to the Muskogee County Jail on another writ, where he learned that Defendant Rosson had mistakenly mailed the check for his funds to a federal inmate in Cleveland, Ohio. The federal inmate had cashed the check and spent about $600. Plaintiff eventually was reimbursed for the money in his inmate account.

**Standard of Review**

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is genuine if the evidence is such that "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is material if it "might affect the outcome of the suit under the governing law." *Id.* In making this determination, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. A party opposing a motion for summary judgment, however, may not simply allege there are disputed issues of fact; rather, the party must support its assertions by citing to the record or by showing the moving party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c). Thus, the inquiry for this Court is "whether the evidence presents a sufficient disagreement to

require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52.

**Exhaustion of Administrative Remedies**[1]

Defendants allege Plaintiff has failed to exhaust the administrative remedies for any of his claims. "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Inmates are required to exhaust available administrative remedies, and suits filed before the exhaustion requirement is met must be dismissed. *Booth v. Churner*, 532 U.S. 731, 740-41 (2001); *Yousef v. Reno*, 254 F.3d 1214, 1216 n.1 (10th Cir. 2001). "An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under PLRA for failure to exhaust his administrative remedies." *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) (citation omitted).

Defendants assert the Muskogee County Jail has a grievance procedure in place to address inmate complaints, and all inmates have access to the procedure through the Muskogee County Jail inmate handbook. A thorough review of Plaintiff's jail file indicates he filed no grievances during or after his incarceration at the jail with respect to the theft of his property or the funds in his inmate account. (Dkt. 40-5).

Plaintiff admitted in his deposition that he did not file any grievances concerning his lost property, and he could not remember whether he had filed a grievance about his inmate

---

[1] Citing *Norton v. The City of Marietta*, 432 F.3d 1145, 1149-50 (10th Cir. 2005), and *Steele v. Fed. Bureau of Prisons,* 355 F.3d 1204, 1210 (10th Cir. 2003), Defendants argue that a plaintiff in a § 1983 prisoner action must plead exhaustion. (Dkt. 40 at 13). To the contrary, "failure to exhaust is an affirmative defense under the PLRA, and . . . inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones v Bock*, 549 U.S. 199, 216 (2007). *See also Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007) ("*Steele* is no longer good law.").

3

account funds. (Dkt. 40-1 at 6-7, 22). He further admitted that when he was incarcerated in Muskogee, he knew there was a grievance system, however, he was frustrated and angry about his necklace and money, and he was "just really stretched out about the cases [he] was fighting." *Id*. at 22. The Court finds Plaintiff's reasons for his failure to exhaust his remedies do not relieve him of the requirements of § 1997e(a).

Defendants assert Plaintiff's claim also is time-barred, because it is too late to commence the exhaustion process. The inmate grievance procedure requires a grievance to be filed on the Inmate Grievance Form within seven days of the occurrence of any grievable incident. (Dkt. 40-9 at 2-3). Plaintiff learned his necklace was stolen on August 14, 2015. He, therefore, had until August 21, 2015 under the grievance policy to file a grievance about the missing property. On September 2, 2016, Plaintiff learned his inmate funds were not sent to Davis Correctional Facility. He thus had until September 9, 2016, to file a grievance about the funds.

Plaintiff alleges in his response to Defendants' motion that he exercised due diligence by formally advising Defendant Garvin that he suspected his property was missing or stolen. (Dkt. 43 at 1). He apparently is arguing that his notification of the jail's breach in security, which resulted in an investigation of Plaintiff's claim, constituted an "official complaint." *Id*. at 2. A notification, however, is not a grievance.

"To exhaust administrative remedies, a person must follow the rules governing filing and prosecution of a claim. . . . [T]hese include time limits."). *Patel v. Fleming*, 415 F.3d 1105, 1110 (10th Cir. 2005) (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002)). Furthermore, Plaintiff "may not successfully argue that he had exhausted his administrative remedies by, in essence, failing to employ them, and since he may now be time barred from pursuing them, they are exhausted by default." *Jernigan v. Stuchell,* 304

4

F.3d 1030, 1033 (10th Cir. 2002).

**Conclusion**

After careful consideration of the pleadings and other submitted materials in this case, the Court is of the view that there are no genuine issues of material fact concerning whether Plaintiff's claims are unexhausted. Therefore, summary judgment must be GRANTED.

**ACCORDINGLY,** the defendants' motion for summary judgment (Dkt. 40) is GRANTED and this action is DISMISSED in its entirety.

**IT IS SO ORDERED** this 24th day of September 2019.

Ronald A. White
United States District Judge
Eastern District of Oklahoma